By the Court.

Benning, J.
delivering the opinion.
[1.] The question for the Jury was, whether the payment made by Price to the Tax Col. for Bass, and pleaded as a set-off, was a payment made by Price as a member of the firm of Price & Winfry, or as not a member of that firm.
On this question Pitman Lumpkin’s testimony was not <c irrelevant.” It showed a payment to have been made by Price. It was merely silent as to the character in which Price acted in making the payment.
It seems that Bass had sold to Price & Winfry a saw-mill, and had taken from them, in payment-, their two promissory notes; and that afterwards, he had obtained judgment against them on the notes ; and that he thought that he had given credit for the hundred dollars paid the Tax Collector for him by Price on one of the notes, and that the defendants, in order to show that he had not so given credit, introduced in evidence the notes and the judgment; and that it is certain that the defendants read the notes to the Jury, and not certain but that they also read the judgment to the Jury, and *634 that “ the writ and notes, the Court recollected having been-offered in evidence, and some of them at least having been -read to the Jury; and, as the Court supposed, all the papers • were read as far as required by plaintiff’s Counsel,” the Court sent out all the papers with the Jury.
And the complaint is, that the “writ” was not read to the-Jury ; and yet, that the Court lot it go out with the Jury.
Now from what has been stated, it appears that it is not certain but that the writ was read to the Jury, or but that if it was not read to the Jury, the reason was, that the reading of it to the Jury was zvaived by the plaintiff.
Again: It is to be presumed that the parties to a case have notice of all the acts of the Court done in the course of the trial of the case. It is to be presumed, therefore, that the plaintiff in error had notice of the sending out of the writ with the Jury. Why, then, did he not make known to the Court his objection to its being so sent out ?
[1] It is a general rule, that objections to acts of mere “ irregularity,” should be urged at the earliest practicable moment. And, at most, the sending out of this writ with the Jury, was a mere irregularity.
We think the objection came too late.
Upon the whole, we over-rule this exception, viz : that the Court let the writ go out with the Jury.
We think that there was plenty of evidence to authorize the charge of the Court, and a plenty to justify the verdict of the Jury.